UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JANE DOE,

                Plaintiff,

v.                                          Case No. 22-1279-TC-ADM

USD 259, THE WICHITA SCHOOL
DISTRICT and CHRISTIN N. COVEL,

                Defendants.

## MEMORANDUM AND ORDER

      This matter comes before the court on the following three related motions from plaintiff Jane Doe: (1) Motion for Leave to Amend Complaint, (2) Motion to Proceed By Pseudonym, and (3) Renewed Motion to Appoint Next Friend.  (ECF 9, 18, 24.)  For the reasons discussed in further detail below, the court grants plaintiff's motion for leave to amend to name her natural mother as her guardian and legal representative and grants the motion to proceed by pseudonym. This renders plaintiff's earlier-filed motion to appoint her older sister as next friend moot.  The court therefore denies that motion and cancels the February 17 hearing on that motion.

## I.     Background

      According to plaintiff's complaint, Jane Doe is a minor who was sexually assaulted and harassed over the course of at least one school year by defendant Christin N. Covel ("Covel"), a teacher employed by defendant Unified School District Number 259, Wichita, Kansas ("USD 259").[1]  Plaintiff alleges that defendant USD 259 knew or should have known of the regular,

---

[1] Plaintiff filed her complaint in Sedgwick County District Court on October 19, 2022, and Defendant USD 259 removed the case to federal court on December 28, 2022.  (ECF 1, 1-4.) USD 259 attached plaintiff's complaint to its Notice of Removal as Exhibit A (ECF 1-1), but that

ongoing sexual abuse of Jane Doe occurring on school property during school hours. (*See* ECF 1-4, ¶ 77(b); *see also id.* ¶¶ 20, 23, 55.)   Plaintiff further alleges that, as a direct result of defendants' conduct, Jane Doe has suffered "lost educational opportunities, medically significant emotional distress, pain and suffering, physical injury and lost earning capacity."   (ECF 1-4, ¶ 29.)   Plaintiff thus brings this suit "to seek compensation and redress for harms suffered as a result of . . . Covel's conduct and the USD 259 administrators and employees' deliberate indifference to that conduct, in violation of 42 U.S.C § 1983, the Fourth and Fourteenth Amendments, as well as Kansas common law asserted under the Kansas Tort Claims Act, K.S.A. § 75-6103." (ECF 1-4, ¶ 1.)

## II.     Plaintiff's Motion for Leave to Amend Complaint (ECF 24)

Plaintiff seeks leave to amend her complaint to name the minor plaintiff's natural mother as her guardian and legal representative.   Courts in this district have generally found that the natural parent of a minor qualifies as a general guardian who may sue on behalf of a minor with no need for a formal appointment by the court.   *See M.T. v. Olathe Pub. Sch. USD 233*, No. 17-2710, 2018 WL 806210, at *4 (D. Kan. Feb. 9, 2018) (denying motion for appointment of next friend as moot); *Meredith ex rel. Meredith v. Dusin*, No. 03-2532, 2003 WL 22844157, at *1 (D. Kan. Nov. 12, 2003) (same).   Accordingly, Jane Doe's mother may sue on her minor daughter's behalf pursuant to Fᴇᴅ. R. Cɪᴠ. P. 17(c)(1)(A).   Furthermore, the motion states that defendant USD 259 (the only defendant that has answered or otherwise appeared in the case) does not oppose the motion.   The court therefore grants plaintiff's motion and directs plaintiff to file her first amended complaint within **three business days** but with the following corrections, to

exhibit could not be opened in its entirety.  USD 259 subsequently provided a corrected Exhibit A, which can be found at ECF 1-4 and ECF 13.   This order cites to the corrected Exhibit A (ECF 1-4).

2

minimize the need for serial amendments.  First, Paragraph 7 of the first amended complaint should cite to Fed. R. Civ. P. 17(c)(1) rather than 17(1)(c).[2]  Second, as discussed below, the court grants plaintiff leave to proceed by way of pseudonym, so plaintiff should be properly named in the case caption and throughout the first amended complaint by her initials as *[PARENT'S INITIALS], as natural mother and representative of [MINOR'S INITIALS], a minor.*

### III.   Plaintiff's Renewed Motion to Appoint Next Friend (ECF 18)

Before plaintiff filed the above-referenced motion to amend her complaint to name her natural mother as her guardian and legal representative, plaintiff filed a renewed motion asking the court to appoint Jane Doe's natural sister as her next friend for purposes of prosecuting this action until Jane Doe reaches the age of 18.  Because the court granted the latter-filed motion, the earlier-filed motion is moot because there is no longer a need to appoint plaintiff's sister as next friend.  The court therefore denies plaintiff's motion to appoint her older sister as her next friend and cancels the February 17 hearing on that motion.

### IV.   Plaintiff's Motion to Proceed By Pseudonym (ECF 9)

Plaintiff also asks the court to allow Jane Doe, a minor, and her putative next friend and sister, Mary Doe, to proceed in this case identified only by their pseudonyms.  Because the court has now granted plaintiff's motion to amend her complaint to name her natural mother as her representative in this matter, instead of her sister, the court construes the motion as asking for the minor and her mother to proceed by pseudonym.

Plaintiff's motion cites two Kansas Supreme Court decisions, *Unwitting Victim v. C.S.*, 273 Kan. 937, 944, 47 P.3d 392 (2002), and *Doe v. Thompson*, 304 Kan. 291, 373 P.3d 750, 759

---

[2] Plaintiff's motion and proposed first amended complaint mistakenly cite to Fed. R. Civ. P. 17(1)(c), but there is no such subsection in Rule 17.  The court assumes plaintiff transposed the two sections, as the correct subsection is Fed. R. Civ. P. 17(c)(1).

(2016), presumably because plaintiff originally filed this case and this motion in Sedgwick County District Court.  (ECF 9, at 1-2.)  Defendant USD 259 subsequently removed the case to federal court.  In federal court, a court filing may only identify minors by their initials.  FED. R. CIV. P. 5.2(a)(3); *M.A.C. v. Gildner*, 853 F. App'x 207, 210 (10th Cir. 2021) (unpublished) (recognizing that Fed. R. Civ. P. 5.2 "requires minors to be named only by their initials unless the court orders otherwise"); *S.E.S. v. Galena Unified Sch. Dist. No. 499*, No. 18-2042, 2018 WL 3389878, at *1 n.1 (D. Kan. July 12, 2018) (holding, under Fed. R. Civ. P. 5.2(a)(3), that minors may proceed using initials pleadings as a matter of right without prior court approval).  Because Jane Doe is a minor, she may proceed anonymously pursuant to Rule 5.2 as a matter of right until she reaches the age of majority.

The question is whether Jane Doe's mother may proceed anonymously.  An adult party proceeding under a pseudonym in federal court is an unusual procedure that is not contemplated by the Federal Rules of Civil Procedure.  *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) ("Proceeding under a pseudonym in federal court is, by all accounts, 'an unusual procedure.'" (quoting *M.M. v. Zavaras*, 139 F.3d 798, 800 (10th Cir. 1998)); *Doe v. USD No. 237, Smith Ctr. Sch. Dist.*, No. 16-2801, 2017 WL 3839416, at *10 (D. Kan. Sept. 1, 2017) ("Proceeding under a pseudonym in federal court is, by all accounts, an unusual procedure.  The Federal Rules of Civil Procedure do not contemplate the anonymity of parties." (internal quotation and citation omitted)); *Galena Unified Sch. Dist. No. 499*, 2018 WL 3389878, at *1 ("Allowing an adult party to proceed under a pseudonym in federal court is, by all accounts, an unusual procedure.").  Rather, Rule 10(a) requires the complaint's title to "name all the parties," and Rule 17(a) prescribes that "[a]n action must be prosecuted in the name of the real party in interest."  These rules recognize the "substantial benefit to maintaining open court proceedings"

4

in which the public knows the identity of litigants.  *Raiser v. Church of Jesus Christ of Latter-Day Saints*, 182 F. App'x 810, 811 (10th Cir. 2006); *USD No. 237, Smith Ctr. Sch. Dist.*, 2017 WL 3839416, at *11.  The public has an "important interest in access to legal proceedings," so "[o]rdinarily, those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials."  *Femedeer*, 227 F.3d at 1246.

Nonetheless, "exceptional circumstances" may warrant allowing a party to proceed anonymously.  *Id.*  The Tenth Circuit has stated as follows:

> Lawsuits are public events.  A plaintiff should be permitted to proceed anonymously only in exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity.  The risk that a plaintiff may suffer some embarrassment is not enough.

*Id.* (quotation omitted).  In making this determination, the court must weigh the movant's privacy interest against the public's interest in open court proceedings.  *Zavaras*, 139 F.3d at 803.  In doing so, the court must exercise "informed discretion," considering all relevant factors.  *Id.*

Plaintiff asserts that, given Jane Doe's status as a minor and as an alleged victim of sexual crime, "any public interest in the minor [p]laintiff's name is outweighed by the important [sic] of protecting the child's privacy."  (ECF 9, at 3.)  And revelation of her family member's name (originally her sister, now her mother) would also reveal the minor plaintiff's name.  (*Id.*)  The court agrees.  Without minimizing the importance of maintaining open court proceedings, the court determines the specific and unique facts of this case warrant allowing the mother to proceed under her pseudonym.

First, if the mother's identity were publicly revealed, the public could also easily determine Jane Doe's identity, especially given that public news reports have revealed the school at which the incidents allegedly occurred.  Because of the "inseparable relationship" between Jane Doe and her mother, ordering disclosure of the mother's identity "would place—in effect—personally identifiable and confidential information about [the alleged sexual assault and harassment of Jane Doe, a minor] in the public record." *Galena Unified Sch. Dist. No. 499*, 2018 WL 3389878, at *2.

Second, the fact that Jane Doe was a minor at all times material to the complaint's allegations is significant.  The allegations involve matters of a highly sensitive and personal nature that occurred when Jane Doe was in the seventh grade.  "Courts grant heightened protection to child victims and have concluded that complaints involving minors are matters of a highly sensitive and personal nature." *Id.*  Judges in this district have consistently found allegations of sexual assault and sexual harassment of minors to be of such a nature that they justify protecting the minor's identity.  *See, e.g., Olathe Pub. Sch. USD 233*, 2018 WL 806210, at *2; *USD No. 237, Smith Ctr. Sch. Dist.*, 2017 WL 3839416, at *10; *J.B. v. Liberal Sch. Dist., USD No. 480*, No. 06-2359, 2006 U.S. Dist. LEXIS 67622, at *3-*5 (D. Kan. Sept. 20, 2006).

Third, there is a potential danger of emotional harm to Jane Doe if her identity were to become publicly known.  The complaint alleges that, as a direct result of Defendants' conduct, Jane Doe suffered "medically significant emotional distress, pain and suffering."  (ECF 1-4, ¶ 29.)  Public disclosure of her mother's identity might lead to further significant emotional distress.  "Although embarrassment is not enough to overcome the public interest in litigation, the real potential of additional psychological harm—one of the very injuries litigated against—is enough to outweigh the public interest in disclosure." *Olathe Pub. Sch. USD 233*, 2018 WL

806210, at *3; *see also Galena Unified Sch. Dist. No. 499*, 2018 WL 3389878, at *2 ("[T]he real potential of additional psychological harm—one of the very injuries litigated against here—is sufficient to outweigh the public interest in disclosure.").

Finally, defendants will not be prejudiced by Jane Doe's mother proceeding under her pseudonym in this action because it appears they already know her identity and they have not opposed the motion.[3]  *See Smith Ctr. Sch. Dist.*, 2017 WL 3839416, at *11 (finding "defendants would not be prejudiced by Doe continuing to proceed under her pseudonym in this matter because they already know her identity").  Nor does the court note any specific benefit to the public from learning the mother's identity.  *See Liberal Sch. Dist.*, 2006 Lexis 67622, at *5 ("The court fails to see how the interests of the public are implicated, apart from generalized interests . . . . Because the court does not find that the public has a significant, specific interest in the disclosure of plaintiff's identity and does find that plaintiff has a valid interest in not having his identity linked with the highly sensitive and personal matters at issue in this lawsuit, the court concludes that plaintiff's request to proceed under a pseudonym should be allowed.").

Plaintiff has demonstrated that this is an exceptional case in which the need for anonymity outweighs the public interest in having access to the identity of Jane Doe's mother.  The sexual assault and harassment of a minor involves matters of a highly sensitive and personal nature.  The alleged facts of the case demonstrate risks of future psychological harm and repetition of the injury against which plaintiff is litigating.  Accordingly, the court allows Jane Doe and her mother to proceed in this case anonymously using their initials.

---

[3] The motion does not state whether defendants oppose the motion, presumably because the motion was filed on October 24, 2022, before plaintiff effectuated service on defendants Covel and USD 259 on November 26 and November 28, respectively.  Since this case was removed to federal court on December 28, USD 259 has not opposed the motion.  Covel has not yet appeared in this action, let alone opposed the motion.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Amend Complaint (ECF 24) is granted. The court directs plaintiff to file her first amended complaint within three business days with the corrections set forth above.

**IT IS FURTHER ORDERED** that plaintiff's renewed Motion to Appoint Next Friend (ECF 18) is denied as moot.

**IT IS FURTHER ORDERED** that the hearing on plaintiff's renewed Motion to Appoint Next Friend, set for February 17, 2023, at 10:00 a.m., is cancelled.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Proceed By Pseudonym (ECF 9) is granted.

**IT IS SO ORDERED**.

Dated February 16, 2023, at Kansas City, Kansas.

<u>s/ Angel D. Mitchell</u>
Angel D. Mitchell
U.S. Magistrate Judge